IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF TENNESSEE

IN RE:

    **JUSTIN RAY BARNES**    Case No. 3:16-bk-05166
        Chapter 13
    Debtor.    Judge: MARIAN F. HARRISON

**THE DEADLINE FOR FILING A TIMELY RESPONSE IS: 6/13/2018
IF A RESPONSE IS TIMELY FILED, THE HEARING WILL BE: 6/20/2018 AT 8:30
A.M. IN COURTROOM 1, SECOND FLOOR, CUSTOMS HOUSE, 701 BROADWAY,
NASHVILLE, TENNESSEE 37203.**

## NOTICE OF MOTION TO MODIFY PLAN

Debtor has asked the court for the following relief: TO MODIFY TERMS OF THE CHAPTER 13 PLAN FOR THE INSOLVE AUTO FUNDING CLAIM

**YOUR RIGHTS MAY BE AFFECTED.** If you do not want the court to grant the attached motion by entering the attached order, or if you want the court to consider your views on the motion, then on or before the response date stated above, you or your attorney must:

1. File with the court your response or objection explaining your position. Please note: the Bankruptcy Court for the Middle District of Tennessee requires electronic filing. Any response or objection you wish to file must be submitted electronically. To file electronically, you or your attorney must go to the court website and follow the instructions at: <https://ecf.tnmb.uscourts.gov>.

   If you need assistance with Electronic Filing you may call the Bankruptcy Court at (615) 736-5584. You may also visit the Bankruptcy Court in person at: 701 Broadway, 1st Floor, Nashville, TN (Monday - Friday, 8:00 a.m. - 4:00 p.m.).

2. Your response must state the deadline for filing responses, the date of the scheduled hearing and the motion to which you are responding.

   If a response is filed before the deadline stated above, the hearing will be held at the time and place indicated above. **THERE WILL BE NO FURTHER NOTICE OF THE HEARING DATE.** You may check whether a timely response has been filed by viewing the case on the court's website at <https://ecf.tnmb.uscourts.gov>.

   If you or your attorney does not take these steps, the court may decide that you do not oppose the relief sought in the motion and may enter the attached order granting that relief.

Dated: May 23, 2018        /s/L.G. Burnett, Jr.
        L.G. Burnett, Jr., BPR #6463
        *Attorney for Debtor*

# IN THE UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF TENNESSEE

IN RE:

| | |
|---|---|
| JUSTIN RAY BARNES | Case No. 3:16-bk-05166 |
| | Chapter 13 |
| Debtor. | Judge: MARIAN F. HARRISON |

## MOTION TO MODIFY CHAPTER 13 PLAN TO PROVIDE FOR CLAIM OF INSOLVE AUTO FUNDING AS A LONG-TERM CLAIM PURSUANT TO § 1322(b)(5)

COMES NOW the Debtor, by and through counsel, and would move this Honorable Court for permission to modify the Chapter 13 plan pursuant to 11 U.S.C. §1329 and to provide for the claim of InSolve Auto Funding as a long-term claim per 11 U.S.C. §1322(b)(5). It would be shown the Debtor has filed for permission to incur debt to purchase an automobile

The Debtor's Chapter 13 proceeding was filed on July 21, 2016 and confirmed on September 1, 2016, paying a dividend of 20% to unsecured creditors.

As grounds, the Debtor would state the following:

1. The Debtor seeks permission to modify his Chapter 13 plan to provide for the claim of InSolve Auto Funding as a long-term claim per 11 U.S.C. §1322(b)(5). The terms of the loan are as follows:

a. The Debtor proposes to finance a vehicle for $16,000 at an interest rate of 22% to be paid by the Trustee with an ongoing monthly payment of $441.90 beginning July 1, 2018 as a class 3 creditor.

b. InSolve Auto Funding shall be paid as a Class 3 creditor upon the filing of an approved Proof of Claim.

c. Debtor shall maintain full coverage insurance on the motor vehicle and list Insolve Bank as the loss payee.

d. The Debtor waives discharge of this post-petition debt to Insolve Auto Funding. InSolve Auto Funding's claim for post-petition financing is a continuing debt under 11 U.S.C. § 1328(a)(1) and is not subject to discharge thereunder.

e. The claim of InSolve Auto Funding shall be treated by the Trustee as a long-term obligation pursuant to 11 U.S.C. § 1322(b)(5), and the Trustee need not allocate interest and principal in the disbursements to Insolve Auto Funding.

f. The Order Confirming Chapter 13 Plan shall be modified to provide that the Debtor's obligation to InSolve Auto Funding is a secured obligation and shall be paid directly by the debtor after completion of the Chapter 13 plan pursuant to the terms of the agreement between the Debtor and Insolve Auto Funding.

g. Should the Debtor default on the plan payments or insurance, Insolve Bank shall notify Debtor and Debtor's counsel of the default and, if the default is not cured within ten (10) days of such notice, Insolve Auto Funding may thereupon have relief from the automatic stay of 11 U.S.C. §362(a) by the filing of a "Notice of Default Constituting Order of Relief From Stay" without the necessity of the filing of a motion for a hearing in this Court.

2. The Chapter 13 plan has been modified to increase the Debtor's payments to the Trustee from $201 weekly to $321.00 weekly.

3. The base has been increased to $73,000.

4. Except as set forth herein, all other plan provisions of the Order confirming the Debtors' Chapter 13 plan remain unaffected by this modification and no other creditors are affected by this modification.

5. The Debtor seeks permission to modify her plan to reflect these changes.

6. The Debtor's Chapter 13 plan allows such modification and will allow the Debtor to successfully complete her Chapter 13 plan and reorganize his estate.

7. The Court approved the Debtor to obtain financing of this vehicle by the order under Docket Entry #53.

## STATEMENT OF IMPACT

4. The dividend to unsecured creditors shall remain 20%.

5. The Debtor's plan payment shall be $321.00 weekly and is under a payroll deduction.

6. The new base is $73,000.

7. No other terms of the confirmation order shall be affected by this modification.

Dated on May 23, 2018.

Respectfully submitted,

*/s/L.G. Burnett, Jr.*
L.G. Burnett, Jr. (TN BPR #6463)
Long, Burnett & Johnson, PLLC
302 42nd Avenue North
Nashville, TN 37209
T: 615-386-0075
F: 615-864-8419
jjohnson@tennessee-bankruptcy.com

*Attorney for Debtor*



# IN THE UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF TENNESSEE

IN RE:

    JUSTIN RAY BARNES                         Case No. 3:16-bk-05166
                                                               Chapter 13
                   Debtor.                               Judge: MARIAN F. HARRISON

---

## ORDER GRANTING MOTION TO MODIFY CHAPTER 13 PLAN TO PROVIDE FOR CLAIM OF INSOLVE AUTO FUNDING AS A LONG-TERM CLAIM PURSUANT TO § 1322(b)(5)

---

       It appears to the United States Bankruptcy Court for the Middle District of Tennessee that the debtor filed a Motion to Modify Chapter 13 plan and provide for claim of InSolve Auto Funding as a long-term claim per § 1322(b)(5) and notice of said motion has been given pursuant to L.B.R. 9013-1 to all parties in interest. It further appears to the Court that twenty-one (21) days have elapsed since the date of service of the motion and no responses have been forthcoming from any party in interest.

       It is therefore ORDERED as follows:

1.     The Debtor shall be permitted to modify his Chapter 13 plan to provide for claim of InSolve Auto Funding as a long-term claim per 11 U.S.C. § 1322(b)(5).

2.     The amount financed through InSolve Auto Funding is $16,000 at a rate of 22%, to be paid by the Chapter 13 Trustee with an ongoing payment of $440, beginning July 1, 2018.

3.     InSolve Auto Funding shall be paid as a Class 3 creditor upon the filing of an approved Proof of Claim.

4.     The Debtor shall maintain full coverage insurance on the motor vehicle and list Insolve Auto Funding as the loss payee.

5. The Debtor shall waive discharge of this post-petition debt to InSolve Auto Funding. The monthly payments to InSolve Auto Funding shall be disbursed with all other Class 3 claims.

6. InSolve Auto Funding's claim for post-petition financing shall be a continuing debt under 11 U.S.C. § 1328(a)(1) and is not subject to discharge.

7. This claim of InSolve Auto Funding shall be treated by the Trustee as a long-term obligation pursuant to 11 U.S.C. § 1322(b)(5), and the Trustee need not allocate interest and principal in the disbursements to Insolve Bank.

8. The Debtor's obligation to InSolve Auto Funding is a secured obligation and shall be paid directly by the debtor after completion of the Chapter 13 plan pursuant to the terms of the agreement between the Debtor and InSolve Auto Funding.

9. Should the Debtor default on the plan payments or insurance, InSolve Auto Funding shall notify Debtor and Debtor's counsel of the default and, if the default is not cured within ten (10) days of such notice, InSolve Auto Funding may thereupon have relief from the automatic stay of 11 U.S.C. §362(a) by the filing of a "Notice of Default Constituting Order of Relief From Stay" without the necessity of the filing of a motion for a hearing in this Court.

10. The Debtor's plan payment shall increase to $321.00 weekly.

11. The dividend to general unsecured creditors shall remain at 20%.

12. The base shall be $73,000.

13. No other terms of the confirmation order shall be affected by this modification.

**IT IS SO ORDERED.**

THIS ORDER WAS SIGNED AND ENTERED ELECTRONICALLY AS INDICATED AT THE TOP OF THE FIRST PAGE

Approved for Entry By:

*/s/L.G. Burnett, Jr.*
L.G. Burnett, Jr. (TN BPR #6463)
Long, Burnett & Johnson, PLLC
302 42nd Avenue North
Nashville, TN 37209

T: 615-386-0075
F: 615-864-8419
jjohnson@tennessee-bankruptcy.com

*Attorney for Debtor*

# CERTIFICATE OF SERVICE

       I hereby certify that a true and exact copy of the foregoing has been sent via United States Postal Service, postage prepaid (or, if stated below, via the U.S. Bankruptcy Court's Electronic Filing CM/ECF System), to all creditors on the court mailing matrix and to the following:

Notice will be electronically mailed via CM/ECF to:
- HENRY EDWARD HILDEBRAND, III hhecf@ch13nsh.com
- US TRUSTEE ustpregion08.na.ecf@usdoj.gov

Justin Barnes
7925 Bradyville Pike
Murfreesboro, TN 37127

Insolve Auto Funding
c/o Capital Recovery Group
Attn: Manager or Agent
POB 64090
Tucson, AZ 85728

TOTAL MAILINGS    2
(2 mailings @ $1.00 per each mailing = $2.00)

ENCLOSURES:
1. NOTICE OF MOTION TO MODIFY PLAN
1. MOTION TO MODIFY PLAN

Dated on May 23, 2018

                                       /s/L.G. Burnett, Jr.
                                       L.G. Burnett, Jr.
                                       *Attorney for Debtor*